UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LINDA CREEL, ET AL                              CIVIL ACTION NO. 17-cv-0985

VERSUS                                          JUDGE HICKS

JOHNNY L. JOHNSON, ET AL                        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Request for Additional Discovery**

A father and son were killed in a car accident in Louisiana. Their family members ("Plaintiffs") filed this wrongful death suit in state court, and Defendants removed the case based on an assertion of diversity jurisdiction. Plaintiffs have filed a motion to remand. One of the grounds asserted is that there are not grounds for the exercise of diversity jurisdiction because plaintiff Candace Creel is a domiciliary of South Korea rather than her former residence of Louisiana.

Defendants have filed an opposition to the motion and a separate Motion for Extension of Time to Conduct Jurisdictional Discovery (Doc. 12) that is now before the court. Defendants have already taken Ms. Creel's deposition and have served her with written discovery requests, some of which were directed at assessing her domicile. Defendants ask for 60 days to conduct additional discovery. They state that they seek to obtain copies of Ms. Creel's U.S. tax returns, a copy of her passport, copies of bank statements, and bills from student loans, all of which are said to likely bear addresses.

Defendants say they would also like to obtain copies of all visas held by Creel while in South Korea and determine whether there are any other documents filed with the U.S. or South Korean governments of which they are not currently aware.

There is a presumption of continuing domicile that applies whenever a person relocates. To defeat the presumption and establish a new domicile, the person must demonstrate (1) residence in a new state and (2) an intention to remain in that state indefinitely. There is no durational residency requirement to establish domicile. Once presence in the new state and intent to remain are met, the new domicile is instantaneously established. Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003), citing Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996). In determining whether a person has changed her domicile, courts have looked to many factors. Those factors include places where the person exercises civil and political rights, pays taxes, owns property, has licenses, maintains bank accounts, belongs to social organizations, has places of employment, and maintains a home for her family. Id.

It is not disputed that Ms. Creel now resides in South Korea, so the principal issue with respect to her domicile is whether she has an intention to remain in South Korea indefinitely. Defendants have questioned Ms. Creel about her intent under oath, and they have served her interrogatories that asked for matters such as where she is registered to vote, whether she has a Louisiana driver's license, her addresses for the past 10 years, documents

that set forth her current addresses and her addresses for the last 10 years, whether she owns property in the United States, receives mail in the United States, and the like.

Defendants have not adequately articulated why additional delay and intrusion into personal matters such as tax returns and student loans have enough evidentiary importance to justify the request. The parties have already had several months to consider the domicile issue and gather relevant evidence. The court is not persuaded that it should exercise its discretion to allow additional discovery under these circumstances. Accordingly, the **Motion for Extension of Time to Conduct Jurisdictional Discovery (Doc. 12) is denied**. The undersigned will in due course issue a Report and Recommendation on the motion to remand.

**Privacy Protections**

The motion to remand, Defendants' memorandum in opposition, and the plaintiffs' reply each have as an exhibit Candace Creel's answers to interrogatories and responses to requests for production of documents. Those answers include Candace Creel's date of birth, social security number, and current and past addresses. Federal Rule of Civil Procedure 5.2 provides that a filing that contains a social security number or birth date may include only the last four digits of the social security number and the year of the individual's birth. Local Rule 5.7.12 also seeks to protect the privacy and credit of persons by ordering that parties refrain from including, or partially redacting where inclusion is necessary, personal identifiers such as social security numbers, dates of birth, and home addresses (other than city and state when relevant). The local rule notes that the responsibility for redacting personal

identifiers rests solely with counsel and the parties. The Clerk of Court does not review filings for compliance.

In this case, however, the court will act to protect Ms. Creel. The Clerk of Court is directed to place under seal Doc. 6, Exhibit 4; Doc. 11, Exhibit B, and Doc. 17, Exhibit 3. This sealing will protect the privacy of Ms. Creel, but it comes at the expense of the public's right to access judicial records. Accordingly, counsel for Plaintiffs and Defendants are directed to appropriately redact a copy of the discovery responses and file a joint motion to file the redacted copy, which will not be under seal.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of October, 2017.

Mark L. Hornsby
U.S. Magistrate Judge